# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY DOYLE, et al.,<br><br>    Defendants. | Civil Action No. 1:16-cv-02577-STA-egb |

## ORDER GRANTING PLAINTIFF'S MOTION "TO DROP LAWSUIT" AGAINST DEFENDANTS SHELL AND DOYLE WITHOUT PREJUDICE

On July 12, 2018, Plaintiff filed a motion to "drop the lawsuit" against Defendants Thomas Shell and Ashley Doyle without prejudice. (ECF No. 54.) Because an answer has been filed by Defendants Shell and Doyle, the Court ordered Defendants to respond to Plaintiff's motion stating whether they agreed to allow Plaintiff to dismiss the claims against them without prejudice. (ECF No. 55.) Defendants filed their response on July 25, 2018, stating that they agreed for the claims to be dismissed with prejudice. (ECF No. 56.) However, they do not state how they will be prejudiced if Plaintiff is allowed to dismiss his claims against them without prejudice or provide any authority as to why the Court should dismiss the claims with prejudice. *See Luckey v. Butler Cty.*, 2006 WL 91592 at *3 (S.D. Ohio Jan. 13, 2006) ("In their opposition, the County Defendants urge the Court to instead dismiss the case with prejudice, but do not offer any supporting authority.")

Voluntary dismissals by a plaintiff are governed by Federal Rule of Civil Procedure 41. Rule 41(a)(1)(A) provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer

or a motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared." Plaintiff has not met the requirements of Rule 42(a)(1). However, under Rule 42(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Rule 41(a)(2) motions are committed to the "sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994) (internal citations omitted). Dismissals without prejudice under Rule 41(a)(2) are generally improper only when they appear to inflict "plain legal prejudice" on the nonmoving party. *Id.* The propriety of dismissal without prejudice turns on several factors, including the "effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id. See Luckey*, 2006 WL 91592 at *3 ("[A]bsent strong countervailing evidence that Luckey has subjected Defendants to significant expense, delay, or other prejudice before moving to dismiss this case, the lack of some more pressing need is not fatal to Luckey's motion.")

This case is still in the early stages of litigation. No scheduling order has been entered, a motion for summary judgment has not been filed, and no trial date has been set. Therefore, Defendants will not be prejudiced if Plaintiff's motion is granted. If Plaintiff refiles his lawsuit, Defendants can raise a statute of limitations defense. Therefore, the Court **GRANTS** Plaintiff's motion, and the claims against Defendants Shell and Doyle are **DISMISSED** without prejudice.

The lawsuit remains pending against Defendant Jacqueline McDougle who has not been served with process. Plaintiff has been ordered to file a status report concerning his intent as to the claims against Defendant McDougle. (ECF No. 55.)

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 26, 2018