# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL B. BAILEY, | |
| Plaintiff, | |
| v. | Civil Action No. 2:16-cv-02577-STA-egb |
| ASHLEY DOYLE, et al., | |
| Defendants. | |

## ORDER TO ISSUE THIRD PARTY SUBPOENA

On March 24, 2017, the Court entered an order directing that service of process be issued and served on Defendants Ashley Doyle, Jacqueline McDougle, and Thomas Shell. (ECF No. 15.)  The summons was returned unexecuted on Defendant McDougle stating that she "no longer works for WTSP in Henning, Tennessee." (ECF No. 22.)

On July 26, 2018, the Court granted Plaintiff's motion to dismiss the claims against Defendants Shell and Doyle without prejudice.  Because the lawsuit remained pending against Defendant McDougle, Plaintiff was ordered to file a status report concerning his intent as to the claims against Defendant McDougle.  (ECF No. 57.)  Plaintiff filed his report on July 30, 2018, and states that he does want to pursue his claims against Defendant McDougle.  (ECF No. 58.)

When an indigent plaintiff has taken reasonable steps to identify and locate a defendant, the Court is responsible for ensuring that service is properly effected:

> [Twenty-eight] U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding *in forma pauperis*. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that

> when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In the present case, Plaintiff has sufficiently identified Defendant.

The Court hereby **DIRECTS** the Clerk to prepare a third-party subpoena for the Tennessee Department of Correction and deliver it to the Marshal for service, along with a copy of this order. The subpoena shall direct Commissioner, Tennessee Department of Correction, Rachel Jackson Building, Sixth Floor, 320 Sixth Avenue North Nashville, Tennessee 37243-0465 to supply the last known home address and telephone number of Jacqueline McDougle who was a correctional officer at West Tennessee State Penitentiary on or about May 24, 2015. This information should be provided on or before September 1, 2018. Due to security and privacy concerns, information provided in compliance with the subpoena shall not be made available to Plaintiff, but shall be filed by the Clerk *ex parte* and under seal. A summons shall then be re-issued and provided to the Marshal for service.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 1, 2018