# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. BAILEY, | |
| Plaintiff, | |
| v. | No. 1:16-cv-02577-STA-egb |
| ASHLEY DOYLE, et al., | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE
## CLAIMS AGAINST DEFENDANT MCDOUGLE (ECF NO. 66)

Plaintiff submitted a letter to the Court in which he stated that he wants to dismiss all claims against Defendant Jacqueline McDougle without prejudice. (ECF No. 63.) The Court construed the letter as a motion for voluntary dismissal and granted the motion. (ECF No. 64.) Judgment was entered that same day. (ECF No. 65.) Plaintiff has now submitted another letter in which he states that he does, in fact, want to pursue his claim(s) against Defendant McDougle. (ECF No. 66.) The Court will construe the letter as a motion to alter or amend the judgment to reinstate the claim(s) against Defendant McDougle under Rule 59 of the Federal Rules of Civil Procedure. The motion is **DENIED**.

A court may grant a motion to amend or alter the judgment (1) to correct a clear error of law; (2) to address newly discovered evidence; (3) to address an interviewing change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due

diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

Although Plaintiff bases his request for relief on statements purportedly made by a Shelby County Jail officer who knows former Defendant Thomas Shell concerning Defendant McDougle, Plaintiff does not state when he learned about these statements such that they could be considered "recently discovered evidence." Nor does he state how the officer learned of these statements or whether the officer would be willing to testify about the statements.

Moreover, Plaintiff was given ample opportunity to pursue his claims against Defendant McDougle. While considering Plaintiff's motion to "drop the lawsuit" against Defendants Shell and Ashley Doyle, the Court ordered Plaintiff to provide a status report as to his intentions concerning Defendant McDougle. (ECF No. 55.) Plaintiff informed the Court that he wanted to go ahead with the lawsuit against her (ECF No. 58), and the Court issued a third party subpoena to discover Defendant's whereabouts. (ECF No. 59.) After receiving this information, a summons was reissued. (ECF No. 62.) Subsequently, Plaintiff stated that he wanted to dismiss the claims against Defendant McDougle. (ECF No. 63.) Now, apparently, Plaintiff wants to proceed with his claims. A lawsuit cannot proceed or not proceed based on a plaintiff's whims.

In the absence of any of the factors favoring Rule 59 relief, the Court denies the motion to reinstate the claims against Defendant McDougle.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date:  August 28, 2018